**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JORGE FELIX EXIDORO ROMERO,

    Plaintiff,

v.                                                        Civ. No.  06-349 RB/RHS

HARRY TIPTON, et al.,

    Defendants.

**REPORT AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION TO DISMISS**

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss in Lieu of an Answer ("Motion to Dismiss"), filed April 22, 2008 **[Doc. No. 58]**.[1] Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has not responded to the motion.[2] Having considered the motion, the relevant authorities and being otherwise advised in the premises, the Court finds that Defendants' Motion to Dismiss is not well-taken and recommends that it be denied.

*Background*

Defendants seek to dismiss this lawsuit on the basis of *res judicata*. Defendants point out that Plaintiff previously filed a lawsuit in New Mexico state court, which was removed to this Court as CIV 06-443. (See Motion to Dismiss at 1 ¶ 1). Following its removal to federal court, CIV 06-443 "was partially dismissed as to the Plaintiff's federal claims and remanded to state

---

[1] It is not clear whether the Motion to Dismiss is filed on behalf of Defendant Jason Garcia; Defendant Garcia is not listed in the case caption of Defendants' Motion to Dismiss. The docket does not indicate that Defendant Garcia has been terminated or dismissed from this proceeding.

[2] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

court." (Id. at 1 ¶ 1). Defendants contend that Plaintiff's claims in the instant case are barred by the doctrine of *res judicata* because the "present case is identical to CIV 06-443, which . . . this Court dismissed in part and remanded in part." (Id. at 1 ¶ 2).

*Discussion*

In general, *res judicata*, or claim preclusion, limits a party from bringing a matter before the Court that has already been resolved. "*Res judicata* is an affirmative defense on which the defendant has the burden to set forth facts sufficient to satisfy the elements." Nwosun v. General Mills Restaurants, Inc., 124 F.3d 1255, 1257 (10th Cir. 1997) (citing FED. R. CIV. P. 8(c); other citations omitted). One of the elements which must be satisfied before applying the doctrine of *res judicata* is that the previous action or suit must have concluded with a decision on the merits. Nwosun, 124 F.3d at 1257; see also, City of Las Vegas v. Oman, 110 N.M. 425, 432, 796 P.2d 1121, 1128 (Ct.App. 1990) (citation omitted). In their motion, Defendants fail to point to facts sufficient to show that the claims set forth in this case were previously decided on their merits.

While Defendants correctly point out that the Court dismissed the federal claims contained in Plaintiff's case styled 06-443, they neglect to mention that the claims were dismissed *without prejudice* based on Plaintiff's failure to exhaust his administrative remedies. (See Romero v. City of Albuquerque, Order of Partial Dismissal and for Remand at 2, filed Oct. 11, 2006 **[Doc. No. 17]**, D.N.M. Civ. No. 06-443 JH/KBM). A dismissal without prejudice does not act as an adjudication on the merits, nor does it bar a plaintiff from re-filing the same suit on the same claim. See Semtek Intern. Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505-06 (2001). Indeed, "[t]he phrase 'without prejudice,' when used in an order of dismissal, evinces an intent not to clothe the order with finality and indicates that the order of dismissal was *not*

*intended to have a res judicata effect as to the merits of the controversy.*" Salazar v. Yellow Freight System, Inc., 109 N.M. 443, 445, 786 P.2d 57, 59 (Ct.App. 1990 (citations omitted) (emphasis added).  Thus, the Court's order of dismissal in 06-443 did not resolve Plaintiff's claims in that case on their merits.

The Court finds that Defendants do not point to sufficient facts to show that Plaintiff's claims in this case were previously decided on their merits.  Accordingly, the Court concludes that Plaintiff's claims should not be dismissed on the basis of *res judicata*.

*Conclusion*

For the reasons set forth above, the Court recommends that Defendants' Motion to Dismiss in Lieu of an Answer **[Doc. No. 58]** be **denied**.  Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                  ROBERT HAYES SCOTT
                                                  UNITED STATES MAGISTRATE JUDGE